# UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

| | |
|---|---|
| THOMAS A. BRISCOE,<br>　　　　　　　Appellant, | DOCKET NUMBER<br>DA-0831-22-0277-I-1 |
| v. | |
| OFFICE OF PERSONNEL<br>　MANAGEMENT,<br>　　　　　　　Agency. | DATE: April 19, 2024 |

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

Thomas A. Briscoe, Houston, Texas, pro se.

Carla Robinson, Washington, D.C., for the agency.

### BEFORE

Cathy A. Harris, Chairman
Raymond A. Limon, Vice Chairman

### FINAL ORDER

The appellant has filed a petition for review of the initial decision, which dismissed his appeal for lack of jurisdiction because the Office of Personnel Management (OPM) had not issued a final decision. Generally, we grant petitions such as this one only in the following circumstances: the initial decision contains erroneous findings of material fact; the initial decision is based on an erroneous interpretation of statute or regulation or the erroneous application

---

[1]　A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. See 5 C.F.R. § 1201.117(c).

of the law to the facts of the case; the administrative judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, we DENY the petition for review as moot, as OPM has issued at least one final decision concerning the subject of this appeal following the issuance of the initial decision, and a Board appeal of that final decision is pending.

The appellant was employed by the U.S. Postal Service from September 1980 until October 1987, and at the end of this period of service, he applied for and received a refund of his contributions to the Civil Service Retirement System. Initial Appeal File (IAF), Tab 9 at 16. He was reemployed by the Postal Service on December 17, 1988 and voluntarily retired on December 28, 2021. *Id.*; IAF, Tab 1 at 3. Prior to his retirement in 2021, the appellant began working with the Postal Service and OPM to redeposit the amount he had withdrawn following his initial period of service. IAF, Tab 9 at 16. Following his retirement, and while processing the appellant's annuity, OPM offered the appellant an opportunity to redeposit the refunded deductions corresponding with his period of prior service, and on March 7, 2022, it informed him that his redeposit amount was $45,505.00 due to the accrued interest. IAF, Tab 3 at 5-7. The appellant elected not to pay the redeposit. IAF, Tab 1 at 5.

On May 12, 2022, the appellant filed the instant appeal asserting that the Postal Service's negligence caused the interest on the redeposit amount to grow. IAF, Tabs 1, 3-5, 9. Recognizing that the Board may not have jurisdiction over the matter, the administrative judge informed the appellant that, generally, the Board only has jurisdiction over a retirement matter after OPM issues a final decision or reconsideration decision, and he ordered the appellant to file evidence

and argument that his appeal is within the Board's jurisdiction. IAF, Tab 2 at 2. The appellant filed several responses regarding the Postal Service's and OPM's conduct, but he did not submit a final decision or reconsideration decision from OPM, nor did he assert that such a decision existed. IAF, Tabs 3-5, 9.

Without holding the requested hearing, IAF, Tab 1 at 2, the administrative judge issued an initial decision on June 29, 2022, dismissing the appeal, IAF, Tab 10, Initial Decision (ID). He found that the appellant failed to allege any facts showing that OPM issued a final appealable decision and he found that the Board, therefore, may not exercise jurisdiction over his claims. ID at 4-5. In doing so, however, the administrative judge acknowledged the appellant's assertion that OPM was unresponsive to his inquiries, and he informed the appellant that the Board may exercise jurisdiction over a new appeal even in the absence of a final decision when the appellant demonstrates that OPM acted improperly in refusing to issue a final appealable decision and/or delays the issuance of a final appealable decision for an excessive amount of time. ID at 4 n. 2; *see Okello v. Office of Personnel Management*, 120 M.S.P.R. 498, ¶ 14 (2014). Nonetheless, the administrative judge dismissed the instant appeal for lack of jurisdiction. ID at 5.

The appellant has filed a petition for review of the initial decision, arguing that he has continually contacted OPM requesting that it issue a final appealable decision in this matter, but that it consistently refuses to do so. Petition for Review (PFR) File, Tabs 1, 3. The agency has responded to the appellant's petition for review asserting that OPM issued a final decision regarding its ability to waive the interest on the redeposit amount on April 26, 2017, and that the appellant's appeal should be dismissed. PFR File, Tab 6. The appellant has not replied.

In general, the Board has jurisdiction over OPM determinations affecting an appellant's rights or interests under the retirement system only after OPM has issued a final decision. *McNeese v. Office of Personnel Management*,

61 M.S.P.R. 70, 73-74, *aff'd*, 40 F.3d 1250 (Fed. Cir. 1994) (Table). As explained above, the essence of the appellant's claim on review is that OPM has refused to issue a final appealable decision concerning the interest accrued on his redeposit amount. PFR, Tab 1. However, in April 2023, while this petition for review was pending, a Board administrative judge issued an initial decision in a separate appeal affirming an April 26, 2017 OPM final decision denying the appellant's request to waive the interest owed on his redeposit.[2] *Briscoe v. Office of Personnel Management*, MSPB Docket No. CH-831M-22-0398-I-1, Initial Decision (April 17, 2023).[3] Thus, the Board cannot provide the appellant any relief in the instant matter. Because the appellant's assertions on review that OPM refused to issue him a final appealable decision are now moot, we dismiss his petition for review as moot. *See Currier v. U.S. Postal Service*, 72 M.S.P.R. 191, 195 (1996) (explaining that mootness can arise at any stage of litigation and an appeal will be dismissed as moot when, by virtue of an intervening event, the Board cannot grant any effectual relief in favor of the appellant).

## NOTICE OF APPEAL RIGHTS[4]

You may obtain review of this final decision. 5 U.S.C. § 7703(a)(1). By statute, the nature of your claims determines the time limit for seeking such review and the appropriate forum with which to file. 5 U.S.C. § 7703(b). Although we offer the following summary of available appeal rights, the Merit Systems Protection Board does not provide legal advice on which option is most appropriate for your situation and the rights described below do not represent a statement of how courts will rule regarding which cases fall within their

---

[2] It appears that the administrative judge in this matter was not made aware by either party of OPM's April 26, 2017 final decision.

[3] The appellant filed a petition for review of that initial decision, and the Board will issue a separate decision in that matter.

[4] Since the issuance of the initial decision in this matter, the Board may have updated the notice of review rights included in final decisions. As indicated in the notice, the Board cannot advise which option is most appropriate in any matter.

jurisdiction. If you wish to seek review of this final decision, you should immediately review the law applicable to your claims and carefully follow all filing time limits and requirements. Failure to file within the applicable time limit may result in the dismissal of your case by your chosen forum.

Please read carefully each of the three main possible choices of review below to decide which one applies to your particular case. If you have questions about whether a particular forum is the appropriate one to review your case, you should contact that forum for more information.

**(1) Judicial review in general**. As a general rule, an appellant seeking judicial review of a final Board order must file a petition for review with the U.S. Court of Appeals for the Federal Circuit, which must be received by the court within **60 calendar days** of the date of issuance of this decision. 5 U.S.C. § 7703(b)(1)(A).

If you submit a petition for review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

> U.S. Court of Appeals
> for the Federal Circuit
> 717 Madison Place, N.W.
> Washington, D.C. 20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The

Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

**(2) Judicial or EEOC review of cases involving a claim of discrimination**. This option applies to you <u>only</u> if you have claimed that you were affected by an action that is appealable to the Board and that such action was based, in whole or in part, on unlawful discrimination. If so, you may obtain judicial review of this decision—<u>including a disposition of your discrimination claims</u>—by filing a civil action with an appropriate U.S. district court (*not* the U.S. Court of Appeals for the Federal Circuit), within **30 calendar days** <u>after you receive</u> this decision. 5 U.S.C. § 7703(b)(2); *see Perry v. Merit Systems Protection Board*, 582 U.S. 420 (2017). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the district court no later than **30 calendar days** <u>after your representative</u> receives this decision. If the action involves a claim of discrimination based on race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and to waiver of any requirement of prepayment of fees, costs, or other security. *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.

Contact information for U.S. district courts can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

Alternatively, you may request review by the Equal Employment Opportunity Commission (EEOC) of <u>your discrimination claims only, excluding all other issues</u>. 5 U.S.C. § 7702(b)(1). You must file any such request with the EEOC's Office of Federal Operations within **30 calendar days** <u>after you receive</u> this decision. 5 U.S.C. § 7702(b)(1). If you have a representative in this case, and your representative receives this decision before you do, then you must file

with the EEOC no later than **30 calendar days** <u>after your representative receives</u> this decision.

If you submit a request for review to the EEOC by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C. 20013

If you submit a request for review to the EEOC via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, N.E.
Suite 5SW12G
Washington, D.C. 20507

**(3) <u>Judicial review pursuant to the Whistleblower Protection Enhancement Act of 2012</u>**. This option applies to you <u>only</u> if you have raised claims of reprisal for whistleblowing disclosures under 5 U.S.C. § 2302(b)(8) or other protected activities listed in 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D). If so, and your judicial petition for review "raises no challenge to the Board's disposition of allegations of a prohibited personnel practice described in section 2302(b) other than practices described in section 2302(b)(8), or 2302(b)(9)(A)(i), (B), (C), or (D)," then you may file a petition for judicial review either with the U.S. Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction.[5] The court of appeals must <u>receive</u> your petition for

---

[5] The original statutory provision that provided for judicial review of certain whistleblower claims by any court of appeals of competent jurisdiction expired on December 27, 2017. The All Circuit Review Act, signed into law by the President on July 7, 2018, permanently allows appellants to file petitions for judicial review of MSPB decisions in certain whistleblower reprisal cases with the U.S. Court of Appeals for the Federal Circuit or any other circuit court of appeals of competent jurisdiction. The All Circuit Review Act is retroactive to November 26, 2017. Pub. L. No. 115-195, 132 Stat. 1510.

review within **60 days** of the <u>date of issuance</u> of this decision. 5 U.S.C. § 7703(b)(1)(B).

If you submit a petition for judicial review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C. 20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

Contact information for the courts of appeals can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

*Gina K. Grippando*

FOR THE BOARD:                    _____
                                  Gina K. Grippando
                                  Clerk of the Board

Washington, D.C.